UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLY WAYNE EVANS, JR, )<br>)<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATION, )<br>935 Pennsylvania Avenue, NW )<br>Washington, D.C. 20535-0001 )<br>)<br>)<br>*Defendant*. ) | Civil Action No. 22-942 |

## **COMPLAINT**

### I. INTRODUCTION

1. Plaintiff Billy Wayne Evans, Jr. brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant Federal Bureau of Investigation (hereinafter "FBI" or "Defendant") in failing to provide Plaintiff with all non-exempt records responsive to its request dated September 8, 2021 (1504942-000) and October 27, 2021 (1508385-000), seeking records on his father, Billy Wayne Evans, Sr. and on himself, respectively. He was seeking any records that the FBI had in their possession of his deceased father and himself.

Plaintiff attaches and incorporates his father's request as Exhibit A but the attachments to the request have not been included here. Plaintiff attaches and incorporates his own request as Exhibit B but the attachments to the request have not been included here.

1

## II.  JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III.  VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV.  PARTIES

4. Plaintiff is a natural person and resides in the State of Arkansas.

5. Defendant FBI is a federal agency of the United States, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conforms with agency regulations and procedures in requesting such records. 5 U.S.C.§ 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such requests unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeals unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. §552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorneys' fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

### FIRST REQUEST: Request No. 1504942-000 (SENIOR)

13. On September 13, 2021, Plaintiff's first request was received by the FBI. As previously mentioned in paragraph 1 above, this request letter was dated September 8, 2021 and sought records on Plaintiff's deceased father only. As noted above, a complete copy of Plaintiff's father's request is attached and made part of this Complaint as Exhibit A.

14. On September 16, 2021, Defendant assigned FOIPA Request No. 1504942-000 to Plaintiff's first request. Defendant said they "were unable to identify records responsive to your request" and then closed the request. Defendant provided Plaintiff with an opportunity to submit

an administrative appeal. A complete copy of Defendant's response is attached and made part of this Complaint as Exhibit C.

15. Plaintiff submitted an administrative appeal and it was received by The Office of Information Policy (OIP) of the U.S. Department of Justice on November 19, 2021. A copy of Plaintiff's administrative appeal (without attachments) is attached and made part of this Complaint as Exhibit D.

16. The Office of Information Policy (OIP) of the U.S. Department of Justice assigned an administrative appeal number to the administrative appeal, A-2022-00341. A complete copy of Defendant's assignment of the administrative appeal number is attached and made part of this Complaint as Exhibit E.

17. On January 20, 2022, the U.S. Department of Justice affirmed the decision of the FBI on the Plaintiff's request for his deceased father, Request No. 1504942-000. A complete copy of Defendant's administrative decision is attached as Exhibit F.

18. Plaintiff has exhausted his administrative remedies.

**SECOND REQUEST: Request No. 1508385-000 (JUNIOR)**

19. On November 1, 2021, Plaintiff's second request was received by the FBI. As previously mentioned in paragraph 1 above, this request letter was dated October 27, 2021 and sought records on himself. As noted above, a complete copy of Plaintiff's request is attached and made part of this Complaint as Exhibit B.

20. On November 9, 2021, Defendant assigned FOIPA Request No. 1508385-000 to Plaintiff's second request. Defendant said they "were unable to identify records responsive to your request" and then closed the request. Defendant provided Plaintiff with an opportunity to

submit an administrative appeal. A complete copy of Defendant's response is attached and made part of this Complaint as Exhibit G.

21. Plaintiff submitted an administrative appeal and it was received by The Office of Information Policy (OIP) of the U.S. Department of Justice on January 24, 2022. A copy of Plaintiff's administrative appeal (without attachments) is attached and made part of this Complaint as Exhibit H.

22. The Office of Information Policy (OIP) of the U.S. Department of Justice assigned an administrative appeal number to the administrative appeal, A-2022-00708. A complete copy of Defendant's assignment of the administrative appeal number is attached and made part of this Complaint as Exhibit I.

23. On March 29, 2022, the U.S. Department of Justice affirmed the decision of the FBI on the Plaintiff's request for himself, Request No. 1508385-000. A complete copy of Defendant's administrative decision is attached as Exhibit J.

24. Plaintiff has exhausted his administrative remedies.

## VII.  CLAIMS FOR RELIEF

25. Plaintiff realleges, as if fully set forth herein, paragraphs 1, 13-18, and 19-24, as previously set forth herein.

26. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's first and second requests, dated September 8, 2021 (Request No. 1504942-000) and October 27, 2021 (Request No. 1508385-000), the FBI has denied Plaintiff's right to this information as provided by law pursuant to the Freedom of Information Act.

27. Defendant FBI has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's first and second requests, dated September 8, 2021 (Request No. 1504942-000) and October 27, 2021 (Request No. 1508385-000).

28. Defendant FBI has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records to Plaintiff's first and second requests, dated September 8, 2021 (Request No. 1504942-000) and October 27, 2021 (Request No. 1508385-000).

29. By failing to provide Plaintiff with all non-exempt responsive records for his deceased father and personal requests, as described in ¶1 of this Complaint, Defendant FBI has denied Plaintiff its right to these records and the information contained therein as provided by the Freedom of Information Act.

30. Unless enjoined by this Court, Defendant FBI will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 1 above.

31. Plaintiff is directly and adversely affected and aggrieved by Defendant FBI's failure to provide responsive records to his FOIA requests as described above.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Billy Wayne Evans, Jr., providing the following relief:

1. Declare Defendant FBI has violated FOIA by failing to provide Plaintiff Billy Wayne Evans, Jr. with all non-exempt records responsive to his father's request dated September 8, 2021 and his personal request dated October 27, 2021;

      2. Declare Defendant FBI has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff Billy Wayne Evans, Jr.'s father's request dated September 8, 2021 and his personal request dated October 27, 2021;

      3. Direct by injunction that Defendant FBI perform an adequate search for records responsive to Plaintiff Billy Wayne Evans, Jr.'s father's request dated September 8, 2021 and his personal request dated October 27, 2021 and release all non-exempt records;

      4. Grant Plaintiff Billy Wayne Evans, Jr.'s costs of litigation, including reasonable attorneys' fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

      5. Provide such other relief as the Court deems just and proper.

DATED: This 6th day of April, 2022.

Respectfully Submitted,

/s/ C. Peter Sorenson

C. Peter Sorenson, D.C. Bar #438089
Sorenson Law Office
PO Box 10836
Eugene, OR 97440
(541) 606-9173
petesorenson@gmail.com

*Attorney for Plaintiff*